**Wen Xin ZHANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 04–0452–AG.

United States Court of Appeals,
Second Circuit.

Dec. 14, 2005.

Gang Zhou, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North

Carolina; Richard S. Glaser, Jr., Executive Assistant United States Attorney; Amy E. Ray, Assistant United States Attorney, Charlotte, North Carolina, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Wen Xin Zhang, through counsel, petitions for review of the January 2004 BIA order affirming the immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The record contains substantial evidence supporting the IJ's finding that Zhang's testimony about having an involuntary abortion was not credible. This evidence includes the significant omission of any claim about an abortion from her first asylum application and the similar omission from her husband's letter in support of her asylum claim. The IJ reasonably noted as "very strange" the fact that a letter from the embassy of the People's Republic of China reported that there was no evidence that Zhang was ever a patient at the hospital where she claimed to have

had an abortion and that the "Dr. Lin" who signed the document she produced concerning an abortion is not a doctor who performs abortions.

Furthermore, Zhang has not provided evidence to establish a claim for asylum based on past persecution or a well-founded fear of persecution on account of the letter she wrote to criticize a government official's misconduct. The circumstances she described are analogous to situations that have been found by the Courts of Appeals to amount to mere harassment and to fall short of economic persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (finding that an applicant who incurred excessive fines, was threatened with detention, was forced to leave his village, and was deprived of government services and his home did not establish past persecution); *Barreto–Claro v. U.S. Attorney General*, 275 F.3d 1334, 1340 (11th Cir.2001) (holding that an applicant who "suffered employment discrimination, lost his job as a taxi driver and was forced to take menial work" failed to show persecution); *Nelson v. INS*, 232 F.3d 258, 264 (1st Cir.2000) (finding that three episodes of solitary confinement of less than 72 hours with beatings, threatening phone calls, and visits to the applicant's workplace did not amount to past persecution);

Because Zhang is not able to satisfy the burden for an asylum claim with regard to the treatment she received after allegedly writing a letter of complaint to the Municipal Disciplinary Committee, it follows that she fails to meet the higher burden of demonstrating a clear probability of persecution necessary for establishing a claim for withholding of removal based on this claim.

Zhang failed to raise her CAT claim in her appeal to the BIA and in her petition for review. This Court therefore does not

have jurisdiction to review this claim, because it may only review a final order of removal if the applicant has exhausted all administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).